IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In re                                                      No. 3:15-cv-01580-HZ

Uchenna Thomas Egbo,

                        Debtor                             Chapter 7
                                                           No. 14-36620-rld7
STATE OF OREGON, Acting by and through
the Director of the Employment Department,

                        Plaintiff/Appellant,               Adversary Proceeding
                                                           No. 15-03020-rld
            v.

UCHENNA THOMAS EGBO,                                       OPINION & ORDER

                        Defendant/Appellee.

Ellen F. Rosenbaum
ATTORNEY GENERAL
Jill Schneider
SENIOR ASSISTANT ATTORNEY GENERAL
Carolyn G. Wade
SENIOR ASSISTANT ATTORNEY GENERAL
Department of Justice
1515 S.W. Fifth Avenue, Suite 410
Portland, Oregon 97201

        Attorneys for Plaintiff


1 - OPINION & ORDER

Uchenna Thomas Egbo
3054 NE Egret Court
Fairview, Oregon 97024

     Defendant Pro Se

HERNANDEZ, District Judge:

     Plaintiff/Appellant State of Oregon appeals from the August 6, 2015 Judgment of the Bankruptcy Court.  Plaintiff contends that the Bankruptcy Court erred by discharging the accrued interest on Defendant-Debtor/Appellee Uchenna Egbo's obligation, in issuing a federal money judgment, and in imposing a repayment plan for the Defendant-Debtor's nondischargeable debt. Because I agree with Defendant that the Bankruptcy Court abused its discretion, I vacate the Judgment.

PROCEDURAL BACKGROUND

     On December 3, 2014, Defendant-Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  In re Egbo, Bankr. No. 14-36620-rld7; Bankr. Ct. ECF 1. There, he listed a debt owed to Plaintiff as an unsecured priority claim.  Id.  Plaintiff opposed the discharge of the debt by filing an Adversary Complaint for Determination of Dischargeability which sought a declaratory judgment that Plaintiff's claims against Defendant-Debtor were not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2).  Excerpt of Record (ER), Tab. 5; ECF 9.  Defendant-Debtor answered that Complaint on March 12, 2015.

     The Bankruptcy Court conducted a trial of the adversary matter on July 8, 2015.  At that time, Plaintiff and Defendant-Debtor agreed to a Statement of Agreed Facts.  The sole witness was Defendant-Debtor who did not dispute the debt owed to Plaintiff or its nondischargeability.

     At the conclusion of the trial, the Bankruptcy Court agreed that Plaintiff's claim was not

dischargeable in Defendant-Debtor's bankruptcy. However, the Bankruptcy Court discharged the interest that had accrued on the claim, imposed a money judgment in favor of Plaintiff, determined that the discharged debt should bear interest at the federal statutory rate instead of the applicable state statutory rate, and imposed a payment plan on Defendant-Debtor for the nondischarged debt. Judgment was entered August 6, 2015. Plaintiff filed this appeal on August 20, 2015. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## FACTUAL BACKGROUND

In June 2006, Defendant-Debtor filed a claim for unemployment benefits with Plaintiff. Stmt. of Agreed Facts ¶ 2. ER, Tab 7. While receiving unemployment benefits, Defendant-Debtor was required to make weekly reports to Plaintiff about his earnings, the hours he worked, his availability for work, and whether he had quit or been fired from a job. Id. ¶ 3. For several weeks in October, November, and December 2006, and continuing into January and February 2007, Defendant-Debtor made weekly reports to Plaintiff but failed to report earnings from employment. Id. ¶¶ 5-21.

In October 2007, Plaintiff issued an Administrative Decision pursuant to Oregon Revised Statute § (O.R.S.) 657.310, finding that Defendant-Debtor willfully made a misrepresentation and failed to report a material fact to obtain benefits. Adversary Compl. Ex. 1, Bankr. No. 15-03020-rld; Bankr. Ct. ECF 1. As a result, Defendant-Debtor was disqualified for twenty-six weeks of future benefits and charged with an overpayment of $4,757, which he was ordered to repay to Plaintiff. Id. On March 20, 2008, Plaintiff recorded a lien in the form of a Distraint Warrant and Writ of Execution for $4,942.96 with the Multnomah County Clerk. Id., Ex. 2. The $4,942.96 amount included the $4,757 overpayment, $152.71 in interest pursuant to O.R.S.

3 - OPINION & ORDER

657.310, and $43.25 in fees related to filing and processing the document.  Id.  Additionally, the Warrant informed Defendant-Debtor that additional interest on the $4,757 amount would accrue at the rate of one-percent per month after March 31, 2008.  Id. (further showing the amount of $47.57).

In his Chapter 7 petition, Defendant-Debtor listed $8,213 owing to Plaintiff, identified as a creditor holding an unsecured priority claim.  In re Egbo, Bankr. No. 14-36620-rld7; Bankr. Ct. ECF 1.  In its Adversary Complaint, Plaintiff averred that as of December 3, 2014, the amount owed by Defendant-Debtor to Plaintiff was $7,646.72[1] which accounted for payments received as well as additional accrued interest.  ER, Tab 5 at ¶ 18.

At the trial, Defendant-Debtor stated on the record that he had no dispute with the Statement of Agreed Facts submitted by Plaintiff.  ER, Tab 7 at 5-6.  The Bankruptcy Court treated that Statement as admitted.  Id. at 6.  During his testimony, Defendant-Debtor testified that two of the weeks for which he claimed unemployment benefits should not be included in the calculation of the penalty.  Id. at 8, 12-13.  However, Defendant-Debtor agreed with Plaintiff's counsel that the amount of overpayment recited in the Statement of Agreed Facts omitted those two weeks.  Id. at 12-13.  As a result, the amount Plaintiff sought as the penalty, without any additional interest or fees, was $4,217.  Id. at 16.

At the end of the trial, when announcing its ruling, the Bankruptcy Court acknowledged Defendant-Debtor's difficult financial circumstances that led him to collect unemployment benefits while falsely reporting that he had no earnings from employment.  Id. at 20.  But, the

---

[1] It is unclear why Defendant-Debtor listed $8,213 as owing to Plaintiff while Plaintiff alleged that it was owed $7,646.72.

4 - OPINION & ORDER

Bankruptcy Court determined that Plaintiff had established that Defendant-Debtor made misrepresentations that he had no employment or income during certain weeks, knowing that those statements were false, and with the intention that Plaintiff rely on them.  Id.  The Bankruptcy Court further determined that Plaintiff relied on those false statements and was damaged.  Id.

Nonetheless, Bankruptcy Judge Dunn explained that the Bankruptcy Court was entitled to make an "independent determination" whether a debt is excepted from discharge and that if the debt was excepted from discharge, the Bankruptcy Court could determine the amount of that debt based on the facts and then choose to apply the federal interest rate rather than the state interest rate.  Id. at 16.  Counsel for Plaintiff noted that at the time the Adversary Complaint was filed, interest had already accrued.  Id. at 22.  The Bankruptcy Court announced that it was "not prepared to authorize the payment of interest."  Id.  Counsel for Plaintiff also pointed out that the Adversary Complaint had not sought a money judgment, to which the Bankruptcy Court responded:  "But I'm giving one."  Id.  Judge Dunn thought that a money judgment would make it "absolutely clear" to Defendant-Debtor that "this is the debt, and that he's going to be required to pay this, but if he pays this, he's done."  Id.  Judge Dunn believed it would be "easier" for "both sides to account" if the judgment were "absolutely clear."  Id.

Following the trial, the Bankruptcy Court signed a Judgment ordering that Plaintiff's claim for $4,217 was not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2) and further, that the accrued interest was dischargeable.  ER, Tab 10.  The Bankruptcy Court also ordered that the nondischargeable claim would bear interest at the federal statutory rate and that Defendant-Debtor was to pay Plaintiff $20 per month beginning August 30, 2015, until the debt was paid.

5 - OPINION & ORDER

Finally, the Bankruptcy Court awarded Plaintiff $350 in costs, which also accrued interest at the federal statutory rate.  Id.

STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and the legal conclusions de novo.  Mano-Y&M, Ltd. v. Field (In re Mortgage Store, Inc.), 773 F.3d 990, 994 (9th Cir. 2014).  The Court reviews the Bankruptcy Court's exercise of its equitable power under an abuse of discretion standard.  See Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 867 (9th Cir. 2005) (explaining standard for appellate court review).

DISCUSSION

Plaintiff argues that the Bankruptcy Court abused its discretion in discharging the interest portion of the debt and further by issuing a money judgment carrying a federal interest rate and establishing a repayment plan.  I address the arguments in turn.

I.  Statutory Structure

Under Chapter 7, an individual is entitled to discharge pre-filing debts with some exceptions.  11 U.S.C § 727(a)-(c).  Included in the statutory list of nondischargeable debts are debts "for money . . .  to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ."  11 U.S.C. § 523(a)(2)(A).  "Debt" for purposes of section 523 means a "liability on a claim."  11 U.S.C. § 101(12).  "Claim" means the "right to payment whether or not the right has been reduced to judgment[.]"  11 U.S.C.  § 101(5).

Actions seeking a determination that a debt is not dischargeable are "core proceedings."  Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1017 (9th Cir. 1997) (citing 28 U.S.C. § 157(b)(2)(1)), as amended (Mar. 21, 1997).  Additionally, "[a]ctions to determine the

6 - OPINION & ORDER

nondischargeability of debts . . . are equitable in nature." Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1124 (9th Cir. 1996), as amended (Jan. 24, 1997).

II.  Dischargeability of Interest

Under 11 U.S.C. § 523(a)(2)(A), there is no dispute that the $4,217 representing the amount of overpayment to Defendant-Debtor by Plaintiff was a nondischargeable debt.   There is also no dispute that the Bankruptcy Court effectively discharged the $3,429.72[2] in interest which had already accrued on the nondischargeable debt.

While Plaintiff cites no cases, and I have found none, addressing the dischargeability of interest accruing on a debt attributable to overpaid unemployment benefits, several courts have addressed the dischargeability of interest on tax liabilities, student loan debt, and other liabilities. In those contexts, courts uniformly hold that interest accruing on a nondischargeable debt is itself nondischargeable.  E.g., Gosney v. Law (In re Gosney), 205 B.R. 418, 421 (B.A.P. 9th Cir. 1996) (pre-petition interest on nondischargeable student loan debt was itself nondischargeable), aff'd, 161 F.3d 12 (9th Cir. 1998); United States v. Eleazar (In re Eleazar), 271 B.R. 766, 777 (Bankr. D.N.J. 2001) ("the law is well-settled that pre-petition interest is treated as part of the tax claim and is nondischargeable to the extent the underlying taxes are nondischargeable"); Ekelund v. Dawson (In re Dawson), 163 B.R. 421, 421 (Bankr. R. I. 1994) (pre-petition interest on underlying debt nondischargeable under 11 U.S.C. § 523(a)(4) was itself nondischargeable because it is an "integral part of the underlying debt"); Brinegar v. United States (In re Brinegar),

---

[2]  This represents the difference between the original amount of $4,757 overpaid by Plaintiff and the $7,646.72 amount Plaintiff alleged was owed as of December 3, 2014.  Given that by the time of the July 2015 trial in the Bankruptcy Court, Plaintiff had downwardly adjusted the overpayment to $4,217, it is unclear if the total of $7,646.72 remains accurate.

76 B.R. 176, 179 (Bankr. D. Colo. 1987) (pre-petition interest on priority tax claim is

nondischargeable); see also Radulovic v. Alpers (In re Radulovic), No. WW–06–1040–McKD,

2006 WL 6811000, at *5 (B.A.P. 9th Cir. Sept. 29, 2006) (interest accruing on nondischargeable

debt owed to former spouse under state court divorce decree was itself nondischargeable) (citing

Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee), 218 B.R. 916, 925 (B.A.P. 9th Cir.

1998), aff'd, 193 F.3d 1083 (9th Cir. 1999); Bruning v. United States, 376 U.S. 358 (1964); Ward

v. Bd. of Equalization of Cal. (In re Artisan Woodworkers), 204 F.3d 888 (9th Cir. 2000)).

      In In re Larson, the Seventh Circuit explained that the Bankruptcy Code defines "claim"

as a "'right to payment, whether or not such right is reduced to judgment, liquidated,

unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

secured or unsecured.'"  862 F.2d 112, 119 (7th Cir. 1988) (quoting 11 U.S.C. § 101(4)(A)).  This

"broad definition," the court continued, was "consistent with the language of Section 502 of the

Bankruptcy Code" which addresses a creditor's claim in bankruptcy proceedings and provides

that the court "'shall determine the amount of such claim . . . as of the date of the filing of the

petition, and shall allow such claim in such amount except to the extent that . . . such claim is for

*unmatured* interest . . . .'"  Id. (quoting 11 U.S.C.  502).  As a result, "[p]re-petition (or *matured*)

interest has therefore been treated as part of the 'claim,' accorded the same priority status as the

underlying liability, and found nondischargeable where the underlying liability is

nondischargeable." Id. (citing cases).  Thus, the Larson court concluded, because it was

uncontested that the underlying tax liability was nondischargeable, the pre-petition interest was

"similarly nondischargeable."  Id.

      I agree with Plaintiff that the Bankruptcy Court abused its discretion in failing to find the

interest on the debt owed to Plaintiff nondischargeable. Congress has already determined that the underlying debt is nondischargeable and has broadly defined "claim." Courts addressing this issue in other contexts have consistently concluded that pre-petition interest on a nondischargeable debt is an "integral part" of the underlying debt.[3] While Bankruptcy Courts have broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the Bankruptcy Court's determination that the interest on the nondischargeable debt was dischargeable conflicts with Congressional intent as expressed in the Bankruptcy Code and thus, was an abuse of discretion. See Sasson, 424 F.3d at 869 ("bankruptcy court's equitable power is not unfettered; it must be exercised to carry out the provisions of the Bankruptcy Code.").

III. Money Judgment

In the Adversary Complaint, Plaintiff sought a declaration that its claims were not dischargeable and that the balance owing to Plaintiff was not dischargeable. ER, Tab 5 at 4. Plaintiff also sought a judgment awarding it costs of $350, interest on the $350 in costs at the federal statutory rate, and a declaration that such judgment is not dischargeable. Id. at 4-5. Instead of issuing a declaratory judgment, however, the Bankruptcy Court issued a money judgment for the nondischarged amount.

---

[3] As the District of Rhode Island noted, the Supreme Court in its decision in Bruning v. United States, 376 U.S. 358 (1964), while holding that *post-petition* interest was nondischargeable, did not even question the nondischargeability of *pre-petition* interest. In re Dawson, 163 B.R. at 421-22 (discussing Bruning); see also In re Artisan Woodworkers, 204 F.3d at 891-92 (concluding that Bruning, which analyzed the Federal Bankruptcy Act was applicable to the current Bankruptcy Code and thus post-petition but pre-confirmation interest was not dischargeable). The clear authority regarding post-petition interest on a nondischargeable debt persuasively directs that pre-petition interest on a nondischargeable debt should also be nondischargeable.

Bankruptcy courts have authority and jurisdiction to enter monetary judgments in adversarial core proceedings involving dischargeability. <u>Dietz v. Ford (In re Dietz)</u>, 760 F.3d 1038, 1043-50 (9th Cir. 2014) ("a bankruptcy court may liquidate a debt and enter a final judgment in conjunction with finding the debt nondischargeable"); <u>Sasson</u>, 424 F.3d at 870 (bankruptcy court has jurisdiction and power to enter money judgments in adjudicating nondischargeability adversary proceedings, even when underlying debt already reduced to judgment in state court); <u>In re Kennedy</u>, 108 F.3d at 1018 ("the bankruptcy court acted within its jurisdiction in entering a monetary judgment against Kennedy in conjunction with a finding that the debt was non-dischargeable").

Under O.R.S. 657.310(4), Plaintiff was entitled to recover from Defendant-Debtor the unemployment compensation he unlawfully received.  As indicated above, pursuant to that provision, Plaintiff initiated an administrative proceeding resulting in the liquidation of the State's claim and the issuance of a Distraint Warrant by Multnomah County Circuit Court on March 20, 2008.  Under O.R.S. 205.125(2), that Distraint Warrant has the "attributes and effect" of a state circuit court judgment.  Under O.R.S. 657.310(4) and (5), Plaintiff is entitled to collect interest at the rate of one-percent per month on the overpaid benefits.

Plaintiff does not challenge the Bankruptcy Court's jurisdiction to enter a money judgment.  Instead, Plaintiff argues that the Bankruptcy Court abused its discretion in entering a federal money judgment in the amount of the nondischarged debt because it deprived Plaintiff of its right to collect the state statutory interest on that debt and interfered with Plaintiff's rights to collect the fraudulently-obtained benefits.  I agree with Plaintiff.

Cases which discuss the Bankruptcy Court's jurisdiction to issue money judgments in

dischargeability cases suggest that it is not always appropriate to do so. After determining that a bankruptcy court has the authority to enter a money judgment in nondischargeability cases, the Sasson court warned that "[i]t does not follow, however, that the court was bound to exercise its authority." 424 F.3d at 874 (internal quotation marks omitted). The court noted that the Bankruptcy Court "probably would not and should not have done so except under unusual circumstances[.]" Id. (internal quotation marks omitted). The Sasson court remarked that the "existence of a prior judgment may introduce some prudential concerns, such as comity, that a bankruptcy court should take into consideration in fashioning relief." Id. (citing Smith v. Lachter (In re Smith), 242 B.R. 694 (B.A.P. 9th Cir. 1999) (noting that the filing of a new money judgment is not necessary when there is an existing effective state court judgment); Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch), 237 B.R. 160 (B.A.P. 9th Cir. 1999) (discussing the potential confusion and complication caused by the entry of multiple judgments)). While Sasson made clear that prudential considerations "are best committed to the judgment of the bankruptcy court, subject to review for abuse of discretion[,]" it made equally clear that "the Supreme Court found that the overriding purpose of § 523 is to protect victims of fraud." Id. at 875 (internal quotation marks omitted). Thus, a bankruptcy court "does not act outside the purposes of the Bankruptcy Code by providing victims of fraud an additional means of enforcing a nondischargeability judgment in an appropriate case." Id.

In the instant case, the Bankruptcy Court's judgment has the opposite effect. Here, Plaintiff is the victim of Defendant-Debtor's fraud on the Employment Division. The August 6, 2015 Judgment deprives Plaintiff of its right to collect the statutorily-mandated interest on the debt created by fraudulent conduct. This is in contrast to those cases where the money judgment

issued in the dischargeability case protected the victim of fraud.  E.g., Dietz, 760 F.3d at 1046-48

(bankruptcy court adjudicated nondischargeability claim by creditor against Chapter 7 debtor,

found that debtor made intentional material misrepresentations to creditor regarding home

construction, and entered money judgment in favor of creditor); Kennedy, 108 F.3d at 1017 (in

adversary proceeding, creditor alleged that debtor-building contractor committed fraud in

housing construction contract with creditor; bankruptcy court issued money judgment against

Chapter 7 debtor and in favor of victim creditor on disputed state law fraud claim in the course of

making a determination that debt is nondischargeable.)

   Given that the equivalent of a state court judgment existed in this case before Defendant-

Debtor filed his Chapter 7 bankruptcy petition, the Bankruptcy Court was obligated to account

for the prudential considerations noted in Sasson and the cases Sasson relied on.  The overriding

purpose, as Sasson noted, is to protect the creditor's interests.  Because the Bankruptcy Court's

money judgment in this case was contrary to that purpose and harmed Plaintiff's interest, it

abused its discretion in awarding a money judgment to Plaintiff.[4]

IV.  Payment Plan

   Given my conclusion that the Bankruptcy Court erred in entering a money judgment, the

---

   [4]  I reject Plaintiff's argument that the interest is nondischargeable under section 523(a)(7)
as a penalty. The Supreme Court has explained that a "penalty is a means of punishment; interest
a means of compensation."  United States v. Childs, 266 U.S. 304, 307 (1924).  In a later case,
the Court distinguished a "penalty as a fixed ad valorem amount taking no account of time" from
"interest which does depend on time."  Meilink v. Unemployment Reserves Comm'n, 314 U.S.
564, 570 (1942) (also noting that a "mere difference in rates" does not establish that an increased
rate is a penalty).   The interest statute at issue, O.R.S. 657.310(5), refers to "interest" and is
calculated based on time.  The statute has a separate subsection which imposes a penalty.  O.R.S.
657.310(2).  Given the statutory language and the Supreme Court decisions on the differences
between interest and penalties, the argument that the interest here is a penalty, is unavailing.

issue of a payment plan is moot.

CONCLUSION

The Bankruptcy Court's August 6, 2015 Judgment is VACATED. Plaintiff shall prepare

a judgment consistent with this Opinion and submit it to this Court within ten (10) days of the

date of this Opinion & Order.

IT IS SO ORDERED.

Dated this ____10____ day of ____March____, 2016

_____
Marco A. Hernandez
United States District Judge

13 - OPINION & ORDER